IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| KINDRED CAIN9 CONNECTIONS, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:24cv23 |
| BROOKE BOOTH and WENDY HASENBALG | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW the Plaintiff, Kindred Cain9 Connections, Inc., by counsel, and for its Complaint against the Defendants Brooke Booth and Wendy Hasenbalg does hereby allege as follows:

## I.   INTRODUCTION

This case is about a non-profit organization that just wants its service dog back. As alleged in more detail below, "Grace" was a puppy owned by Plaintiff and delivered to the Defendants (as puppy raisers for Cain9) so they could continue her basic training as a service dog. When Plaintiff asked for Grace back, Defendants either refused (Booth) or claimed to never have possession of her (Hasenbalg). Either way, Defendants have failed or refused to return Grace to Plaintiff, her rightful owner.

Plaintiff acknowledges that federal court may seem an unlikely venue for such a case – indeed, "make a federal case out of it" is quite literally an idiom which Merriam-Webster defines as "to become very upset or angry about something that is not important." However, where the cause of action lies in detinue, the property being sought is easily moveable, and the Defendants

have shown a willingness to relocate that property, the cross-border jurisdiction of the federal court is necessary. At the end of the day, Plaintiff simply wants Defendants to return Grace to their custody.

## II.     PARTIES

1. Kindred Cain9 Connections, Inc. ("Cain9") is a Texas nonstock corporation with its principal place of business at 365 T Bird Lane in Utopia, Texas. Cain9's sole purpose is to train canines to function as service animals for veterans, active duty members, and/or first responders.

2. Defendant Brooke Booth is believed to be a Virginia resident with an address of 13066 West Bluegrass Trail in Bland, Virginia.[1] Brooke Both is also sometimes known as Brooke Mrad.

3. Wendy Hasenbalg is a Virginia resident with an address of 77 Boags Branch Lane in Fries, Virginia.

4. Until early January 2024, both Booth and Hasenbalg were members of Plaintiff's board of directors.

## III.    JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of Texas and Defendants are citizens of Virginia, and as such complete diversity exists.

6. This Court has general personal jurisdiction over Defendants because both reside in Virginia, and more specifically Bland and Fries, Virginia.

---

[1] This information is taken from an April 24, 2024 letter written by Ms. Booth's attorney, indicating that "Ms. Booth lives in Virginia" and that this address is "Ms. Booth's residential property."

7. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this judicial district, and both Defendants reside therein. 28 U.S.C. § 1391(b)(1) and (2).

## IV.     FACTUAL ALLEGATIONS

8. Grace is a Labrador Retriever born on February 22, 2023, and was bred from two parents who were specifically selected for health and temperament to maximize the odds that Grace would be suitable for training as a service dog.

9. Prior to being placed with Defendants, Grace was evaluated to determine whether she had the appropriate standards to function as a service dog and was deemed suitable.

10. Plaintiff also intended to evaluate Grace for suitability as a breeding dog, but that determination cannot be made until Grace is 2 years old.

11. In May 2023, Booth requested that she (with Hasenbalg's supervision and assistance) be allowed to train Grace as part of her capstone project for her BS in Animal Science at Virginia Tech.

12. Booth told Plaintiff that Hasenbalg had already agreed to serve as Booth's mentor per the capstone project requirements, and Hasenbalg frequently referred to Booth as her "apprentice" and that Booth assisted Hasenbalg and Takota with their dog training business.

13. Plaintiff agreed to allow Defendants to take charge of Grace's training, and arrangements were made to deliver Grace to Booth and Hasenbalg.

14. On or about May 18, 2023, Kimberly Cain (the Founder and Executive Director of Cain9) delivered Grace to Booth and Hasenbalg in Mississippi.

15. Booth and Hasenbalg then took Grace back to Virginia. While Grace primarily resided with Booth (in either North Carolina or Virginia), she was to meet with Hasenbalg multiple times per week for evaluation, training, and mentoring for Booth's capstone project.

16. In late December 2023, Hasenbalg indicated that she was thinking of resigning from the board of directors of Plaintiff.

17. Plaintiff only agreed to place Grace with Booth and Hasenbalg because Hasenbalg was an approved dog trainer (via Takota Dog Training LLC) for Cain9. In addition, because both were members of Cain9's board, Plaintiff reasonably believed they would hold the mission of the organization above their personal interests.

18. Accordingly, once Hasenbalg's relationship with Cain9 was severed, Plaintiff requested of Hasenbalg and Booth that Grace be returned so that her training could be finished and she be matched with a disabled service veteran, active-duty member, or first responder.

19. Plaintiff did not believe that Booth had (or has) the knowledge or experience to property train Grace without the mentorship and oversight of Hasenbalg.

20. Defendants have refused, with Hasenbalg claiming she was never a bailee of Grace and Booth variously claiming that ownership of Grace had been transferred to her and/or that there was a contract for Booth to breed Grace.

21. Plaintiff never agreed to transfer ownership to Booth, and would have never delivered possession of Grace to Booth alone.

22. Hasenbalg has since indicated that she believes Booth may be moving Grace back and forth between Virginia and North Carolina, and Plaintiff has some information that Booth has taken Grace down to Florida on one or more occasions.

## COUNT I – DETINUE

23. Plaintiff incorporates all factual allegations contained in the Complaint as though re-stated herein.

24. At all times relevant to this Complaint, Plaintiff has been the owner of Grace.

25. When Grace was delivered to Defendants for training, they became bailees of Grace.

26. Plaintiff has made demand for the return of Grace, to which demand Defendants have refused or failed to comply.

27. Under Virginia law, "[w]here property is in the possession of a bailee, a cause of action in detinue accrues upon a demand and refusal to return the property." <u>Gwin v. Graves</u>, 230 Va. 34, 37 (1985).

28. In failing to return Grace, Defendants have damaged Plaintiff not only in the value of Grace herself (estimated at $25,000), but also in the anticipated value Grace could provide as part of Plaintiff's breeding program.

29. Using conservative estimates regarding the expected number of litters Grace would produce (4), the number of suitable puppies in each such litter (average of 8) and the value of the puppies likely to be produced ($3,500), Plaintiffs have also been damaged in an additional amount no less than $112,000 by Defendants' withholding Grace from Plaintiff.

## PRAYER

WHEREFORE, Cain9 requests that this Court enter judgment against Defendants, with relief including an order that Grace be returned to Plaintiff, or in the alternative damages in the amount proven at trial, as well as pre- and post-judgment interest at the highest rate allowed by law; and such other and further relief as may be allowed by law.

                                                                Respectfully Submitted,

                                                                KINDRED CAIN9 CONNECTIONS, INC.

                                                                By Counsel

*/s/ David W. Thomas*
David W. Thomas, Esq. (VSB No. 73700)
Christopher Jánszky, Esq. (VSB No. 99069)
MichieHamlett PLLC
310 4th Street NE, 2nd Floor
Charlottesville, VA 22902
Tel. 434-951-7224
Fax. 434-951-7244
dthomas@michiehamlett.com
cjanszky@michiehamlett.com
*Counsel for Plaintiff*