CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

August 08, 2024

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| KINDRED CAIN9 CONNECTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24CV00023 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| BROOKE BOOTH, ET AL., | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Argued: David W. Thomas, MICHIEHAMLETT, PLLC, Charlottesville, Virginia, for Plaintiff; Charles Michael Fulton, Arlington, Virginia, for Defendants.*

Plaintiff Kindred Cain9 Connections, Inc. (Cain9), brings this state-law detinue action against defendants Brooke Booth and Wendy Hasenbalg seeking the return of Grace, a dog. The plaintiff asserts subject-matter jurisdiction based on diversity of citizenship and amount in controversy. The defendants have filed a motion to dismiss for lack of such jurisdiction, Fed. R. Civ. P. 12(b)(1), by contesting the validity of the amount in controversy alleged in the Complaint. The motion has been briefed and orally argued and is ripe for decision. For the following reasons, I will deny the motion.

### I. BACKGROUND.

Cain9 alleges the following facts in its Complaint. Cain9 is a Texas corporation that trains service dogs for veterans, active-duty members, and first

responders.  The defendants are both citizens of Virginia.  Grace is a Labrador Retriever born on February 22, 2023, from two parents selected for suitable health and temperament.  As a puppy, Grace was evaluated to determine whether she met the standards to train as a future service dog.  Cain9 also planned to use Grace in its breeding program but could not make a determination as to her suitability until Grace turned two years old.  In May 2023, defendant Booth asked to be allowed to train Grace as part of her capstone project at Virginia Tech.  Booth told Cain9 that defendant Hasenbalg, an approved dog trainer for Cain9, would serve as her mentor for the project.  Hasenbalg was also a member of Cain9's board of directors.  Cain9 agreed to let the defendants train Grace and delivered her to the defendants later that month.  The defendants then took Grace to Virginia.

In December 2023, Hasenbalg informed Cain9 that she would be resigning from the board of directors.  Cain9 then requested that Grace be returned to complete her training with Cain9 since Hasenbalg would no longer have a relationship with the company.  The defendants refused.

Cain9 pleads an amount in controversy of $137,000, which accounts for Grace's estimated value of $25,000 and the value of her future litters, $112,000.  Grace is expected to produce four litters that average eight puppies, and each puppy is estimated to have a value of $3,500.  The defendants argue that the plaintiff's

damages claim is speculative and not made in good faith and that the value of Grace's future litters is not recoverable in a detinue action.

## II. STANDARD OF REVIEW.

For a district court to have diversity jurisdiction over a civil matter, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The court must defer to the sum claimed by the plaintiff if the claim was made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "Dismissal for failure to meet the amount in controversy is [] appropriate only where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction." *Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024). Therefore, the defendants must show "the legal impossibility of recovery" to be "so certain as virtually to negative the plaintiff's good faith in asserting the claim." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citation omitted). "The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists." *Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011).

A defendant may challenge subject-matter jurisdiction in one of two ways. First, a defendant may contend "that a complaint simply fails to allege facts upon

which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).   When a defendant makes a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as [they] would receive under a Rule 12(b)(6) consideration." *Id.* (citation omitted). Second, the defendant may argue that "the jurisdictional allegations of the complaint [are] not true." *Id.* (internal quotation marks and citation omitted).   In this situation, "[t]he plaintiff . . . is afforded less procedural protection" and "a trial court may [] go beyond the allegations of the complaint and . . . determine if there are facts to support the jurisdictional allegations." *Id.* (cleaned up).   Because the defendants have made a facial challenge in this present motion, I must accept the facts alleged by the plaintiff as true and deny the motion if the Complaint alleges sufficient facts to invoke subject-matter jurisdiction.

### III. DISCUSSION.

The defendants first argue that the damages claimed by the plaintiff are speculative and uncertain.   They state that Grace's estimated value and the value of her future litters are not supported by any facts and note that it is uncertain whether Grace is suitable for breeding.   The defendants also claim that Grace's estimated value was not made in good faith.

I find that the plaintiff has met its burden of a good faith showing.   In its Complaint, the plaintiff alleges that Grace is expected to produce four litters of eight

puppies valued at $3,500 per puppy, or $112,000.  *See Pinyerd v. Glidden*, No. 5:21-01534, 2022 WL 657457, at *2 (N.D. Ohio Mar. 4, 2022) (finding a good faith basis for calculating the amount in controversy where plaintiffs alleged the dog's sales price to include eight litters of puppies and noting that "[t]his case is more like the sale of racehorses, than pets").

The defendants argue that the value of Grace's future litters is not recoverable in a detinue action.  Dogs are deemed personal property in Virginia.  Va. Code Ann. § 3.2-6585.  "Under Virginia law, an action for detinue lies when one party unlawfully withholds personal property of another."  *Shabazz v. Lokey*, No. 7:14-CV-00457, 2017 WL 4407936, at *7 (W.D. Va. Sept. 30, 2017).  "The object of a detinue action is to recover specific personal property and damages for its detention."  *Broad St. Auto Sales, Inc. v. Baxter*, 334 S.E.2d 293, 294 (Va. 1985).  "If the specific property cannot be returned, judgment is rendered for its value."  *Id.*

I find that Virginia law does not preclude the kind of monetary recovery claimed by the plaintiff.  There is no clear precedent that prevents Cain9 from claiming as the value of Grace the expected value of Grace's future litters.  At this stage of litigation, Cain9 has made the requisite showing.  While I do not predict the future of the plaintiff's claim, I find that this court has subject-matter jurisdiction to resolve it.

IV.     CONCLUSION.

For the foregoing reasons, the defendants' Motion to Dismiss, ECF No. 10, is

DENIED.

It is so **ORDERED.**


DATED:   August 8, 2024

/s/  JAMES P. JONES
Senior United States District Judge